Electronically Filed by Superior Court of California, County of Orange, 09/18/2025 08:33:08 AM.
30-2025-01512640-CU-OE-CXC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By S. Juarez, Deputy Clerk.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ARLOZOROV9, INC. D/B/A ALMA, a Delaware corporation; and
DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SHEREE WARNER, individually, and on behalf of other members of
the general public similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Civil Complex Center - Orange<br><br>751 W. Santa Ana Blvd., Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso):*<br>30-2025-01512640-CU-OE-CXC |
|---|---|

Judge Melissa R. McCormick

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Camron Dowlatshahi; 333 South Hope Street, 40th Floor, Los Angeles, CA 90071; (213) 628-3856

| DATE: 09/18/2025<br>*(Fecha)* | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* | *S. Juarez*   S. Juarez | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* ARLOZOROV9, INC. D/B/A ALMA, a Delaware corporation

under: ☑ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|

Electronically Filed by Superior Court of California, County of Orange, 09/18/2025 08:33:08 AM.
30-2025-01512640-CU-OE-CXC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By S. Juarez, Deputy Clerk.

MILLS SADAT DOWLAT LLP
Arash Sadat (SBN 279282)
Camron Dowlatshahi (SBN 308618)
333 South Hope Street, 40th Floor
Los Angeles, CA 90071
Tel.:    (213) 628-3856
Email: arash@msdlawyers.com
Email: camron@msdlawyers.com

Attorneys for Plaintiff Sheree Warner
and the Putative Class

Assigned for All Purposes:
Judge Melissa R. McCormick
Dept. CX105

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

| | |
|---|---|
| SHEREE WARNER, individually, and on behalf of other members of the general public similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>ARLOZOROV9, INC. D/B/A ALMA, a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. 30-2025-01512640-CU-OE-CXC<br><br>**CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR:**<br><br>**(1) Failure to Pay Minimum Wage for All Hours Worked (Lab. Code §§ 1182.12, 1194, 1194.2, 1197 and 1197.1)**<br><br>**(2) Failure to Pay Overtime Compensation (Lab. Code §§ 1194 and 1198)**<br><br>**(3) Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512, and IWC Wage Orders)**<br><br>**(4) Failure to Provide Rest Periods (Lab. Code §§ 226.7, 512, and IWC Wage Orders)**<br><br>**(5) Failure to Indemnify Necessary Business Expenses (Lab. Code § 2802)**<br><br>**(6) Waiting Time Penalties (Lab. Code §§ 201-203)**<br><br>**(7) Failure to Provide Accurate Wage Statements (Lab. Code § 226)**<br><br>**(8) Violation of Unfair Competition Law (Bus. & Prof. Code § 17200, *et seq.*)**<br><br>**(9) Private Attorneys General Act (Lab. Code § 2698, *et seq.*)**<br><br>**JURY TRIAL DEMANDED** |

CLASS AND REPRESENTATIVE ACTION COMPLAINT

# TABLE OF CONTENTS

INTRODUCTION & PRELIMINARY STATEMENT ................................................................ 1

THE PARTIES .......................................................................................................................... 3

    A.   Plaintiff ........................................................................................................................ 3

    B.   Defendants ................................................................................................................... 3

VENUE AND JURISDICTION ............................................................................................... 4

ALLEGATIONS COMMON TO ALL CAUSES OF ACTION ............................................. 5

FIRST CAUSE OF ACTION ................................................................................................ 13

SECOND CAUSE OF ACTION ........................................................................................... 14

THIRD CAUSE OF ACTION ............................................................................................... 16

FOURTH CAUSE OF ACTION ........................................................................................... 17

FIFTH CAUSE OF ACTION ................................................................................................ 18

SIXTH CAUSE OF ACTION ............................................................................................... 19

SEVENTH CAUSE OF ACTION ......................................................................................... 19

EIGHTH CAUSE OF ACTION ............................................................................................ 20

NINTH CAUSE OF ACTION ............................................................................................... 22

PRAYER FOR RELIEF ........................................................................................................ 24

i

Plaintiff Sheree Warner, individually, and on behalf of other members of the general public similarly situated, brings this action against Defendant Arlozorov9, Inc. d/b/a Alma, and Does 1 through 10, inclusive, and alleges as follows:

### INTRODUCTION AND PRELIMINARY STATEMENT

1. Plaintiff brings this action against Defendant Arlozorov9, Inc. d/b/a Alma, and Does 1 through 10 (collectively, "Defendants") for violations of the California Labor Code and unfair business practices stemming from Defendants' failure to pay minimum wages, failure to pay overtime compensation, failure to provide meal periods, failure to authorize and permit rest periods, failure to maintain accurate records of hours worked and meal periods, failure to timely pay all wages to employees, failure to indemnify necessary business expenses and failure to furnish accurate wage statements.

2. Plaintiff brings the First through Eighth Causes of Action individually and as a class action on behalf of herself and certain current and former employees of Defendants (hereinafter collectively referred to as the "Class" or "Class Members" and defined more fully below). The Class consists of Plaintiff and all other persons who have been employed by any Defendants in California as an hourly-paid, non-exempt employee during the statute of limitations period applicable to the claims pleaded here.

3. Plaintiff brings the Ninth Cause of Action as a representative action under the Private Attorneys General Act ("PAGA") to recover civil penalties that are owed to Plaintiff, the State of California, and past and present employees of Defendants employed at any time within the applicable statutory period (hereinafter referred to as the "Aggrieved Employees").

4. Defendants own and operate an industry, business, and establishment within the State of California, including in Orange County. As such, Defendants are subject to the California Labor Code, Wage Orders issued by the Industrial Welfare Commission ("IWC"), and the California Business and Professions Code.

5. Despite these requirements, throughout the statutory period Defendants maintained a systematic, company-wide policy and practice of:

1

a.   Failing to pay employees for all hours worked, including all minimum wages, and overtime wages in compliance with the California Labor Code and IWC Wage Orders;

b.   Failing to provide employees with timely and duty-free meal periods in compliance with the California Labor Code and IWC Wage Orders, failing to maintain accurate records of all meal periods taken or missed, and failing to pay an additional hour's pay for each workday in which a meal period violation occurred;

c.   Failing to authorize and permit employees to take timely and duty-free rest periods in compliance with the California Labor Code and IWC Wage Orders, and failing to pay an additional hour's pay for each workday in which a rest period violation occurred;

d.   Willfully failing to pay employees all minimum wages, meal period premium wages, and rest period premium wages due within the time period specified by California law when employment terminates;

e.   Failing to maintain accurate records of the hours that employees worked; and

f.   Failing to provide employees with accurate, itemized wage statements containing all the information required by the California Labor Code and IWC Wage Orders.

6.   Plaintiff is informed and believes and on that basis alleges that Defendants were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies. Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

7.   At all relevant times, Defendants were legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff and the Class. Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior."

//

//

//

2

**THE PARTIES**

**A. Plaintiff**

8.    Plaintiff Sheree Warner ("Plaintiff") is an individual residing in the County of Orange County, California and was misclassified as an independent contractor from approximately March 2024 – November 2024.

9.    Plaintiff reserves the right to seek leave to amend this complaint to add new plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v. American Savings and Loan Association* (1971) 5 Cal.3d 864, 872, and other applicable law.

**B. Defendants**

10.    Plaintiff is informed and believes and on that basis alleges that Defendant Arlozorov9, Inc. d/b/a Alma ("Alma") is:

a.    a Delaware corporation with its principal place of business in the County of Orange, California.

b.    a business entity conducting business in numerous counties throughout the State of California, including in Orange County; and

c.    the current or former employer of Plaintiff and of the putative Class. Defendants suffered and permitted Plaintiff and the Class to work, and/or controlled their wages, hours, or working conditions.

11.    Plaintiff is unaware of the true names and capacities of the defendants sued as Does 1 through 10, inclusive, and therefore sues these defendants by fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when the same have been ascertained. Plaintiff is informed and believes that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages were proximately caused by said defendants' conduct.

12.    At all times mentioned herein, the Defendants named as Does 1 through 10, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured Plaintiff and a significant number of the Class in the State of California.

3

13.    Plaintiff is informed and believes and on that basis alleges that at all relevant times each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and the other employees described in the class definitions below, and exercised control over their wages, hours, and working conditions.  Plaintiff is informed and believes and on that basis alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below.  Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

## **VENUE AND JURISDICTION**

14.    This Court has jurisdiction over all Defendants because, upon information and belief, Defendants have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by California courts consistent with traditional notions of fair play and substantial justice. Moreover, the wrongful conduct alleged against the Defendants occurred in part in the County of Orange, California.  At all relevant times, the conduct at issue was part of a continuous and ongoing pattern of behavior.

15.    This Court is the proper forum to adjudicate this action because the wrongful acts that are the subject of this action occurred here and because Plaintiff and the Defendants now reside in its jurisdictional area. Upon information and belief, Defendants direct and control a large workforce of therapists throughout California, including Plaintiff and other Class Members working for Defendants in Orange County, California—and have agents, employ individuals, and/or transact business in the State of California, County of Orange.

//

4

CLASS AND REPRESENTATIVE ACTION COMPLAINT

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A. Defendants Hire Therapists to Provide Patients with Online Therapy Services

16.     Founded in or around 2017, Alma is a mental healthcare company in the business of treating patients who subscribe to its online services for counseling and therapy. Alma recruits and hires therapists to carry out its business and provide therapy services online. Defendants advertise the breadth of mental health conditions and challenges they are equipped to treat, including but not limited to anxiety, depression, nutrition, loss, pregnancy and post-partum.

17.     Furthermore, Defendants offer their patients and subscribers a range of therapeutic modalities to treat mental health conditions and challenges, including couples therapy, family therapy, and medication management.

18.     While marketing themselves as a service with more than 21,000 providers, Defendants refuse to acknowledge that their therapists are actually employees under California law.

### B. Defendants Willfully Misclassify Therapists as Independent Contractors

19.     Despite labeling therapists on their platform as independent contractors, Defendants cannot sustain their burden of demonstrating that their therapists are independent contractors instead of employees under California Labor Code § 2775. Under California Labor Code § 2775, Defendants must demonstrate their therapists are (1) free from their control and direction in connection with the performance of the work, both under the contract for the performance of the work and in fact; (2) that their therapists perform work that is outside the usual course of Defendants' business; and (3) that their therapists are customarily engaged in an independently established trade, occupation, or business of the same nature as that involved in the work performed. Here, Defendants cannot demonstrate any of the above with respect to their therapists.

20.     Defendants exercise pervasive control over the manner and means by which therapists perform their work. Alma dictates how therapists are compensated by unilaterally setting and changing reimbursement rates, leaving therapists with no ability to negotiate or set their own pay. Alma also controls the revenue stream from clients, including billing practices, insurance

5

credentialing, and even retroactive revisions of copays, which are made without therapist consent and often damage therapist–client relationships.

21. Further, Alma controls therapists' professional representation and access to work. Therapists cannot freely market themselves or maintain independent insurance profiles because Alma inserts itself between them and their clients, rewriting profiles and intercepting referrals. Alma retains the power to remove therapists from the platform at any time, effectively cutting them off from clients and income without recourse.

22. Therapists are also required to rely on Alma's infrastructure—such as its telehealth platform, scheduling tools, and client onboarding systems—to perform essential aspects of their practice. When Alma's systems malfunction, therapists are unable to work while Alma continues to collect fees. Even in day-to-day operations, Alma dictates administrative practices and pressures therapists to use Alma's proprietary tools, such as its AI note-taking software, without compensation for the additional time required.

23. Taken together, these facts demonstrate that Alma—not its therapists—directs the manner, means, and conditions of the work performed. Therapists cannot set their own terms, manage their own clients, or control the business of their practice. Instead, Alma maintains the type of control characteristic of an employer–employee relationship.

24. Second, the work performed by Alma's therapists is within the usual course of Defendants' business. Defendants are in the business of providing therapy services to patients. Defendants' business as a therapy services provider is evidenced by the following:

    a. Alma markets itself as a platform providing therapy services and actively facilitating client-therapy connections;

    b. Clients pay through Alma's system for therapy and mental healthcare services;

    c. Alma represents that therapists provide therapy and mental health services through the Alma platform;

    d. Alma screens therapists and manages their professional representation to clients;

    e. Alma handles all aspects of insurance credentialing, claims submission, and billing operations that are central to the therapy business.

6

25.    Third, Alma's therapists are not engaged in a trade, occupation or business that is established independently from Defendants. Rather, Defendants are engaged in the same business as their therapists: providing therapy services to patients who subscribe to Alma's platform.

### C. Plaintiff and the Class Were Misclassified as Independent Contractors

26.    During the statutory period, Plaintiff was misclassified as an independent contractor.

27.    Throughout the statutory period, Defendants failed to pay Plaintiff for all hours worked (including minimum wages), failed to provide Plaintiff with uninterrupted meal periods, failed to authorize and permit Plaintiff to take uninterrupted rest periods, failed to timely pay all final wages to Plaintiff when Defendants terminated Plaintiff's employment, and failed to furnish accurate wage statements to Plaintiff. As discussed below, Plaintiff' experience working for Defendants was typical and illustrative.

28.    Throughout the statutory period, Defendants maintained a policy and practice of not paying Plaintiff and the Class for all hours worked. Defendants failed to incorporate all remuneration when calculating the correct rate of pay and meal and rest break premium rate of pay, leading to underpayment to Plaintiff and the Class.

29.    In maintaining a practice of not paying all wages owed, Defendants failed to maintain accurate records of the hours Plaintiff and the Class worked.

30.    Throughout the statutory period, Defendants wrongfully failed to provide Plaintiff and the Class with legally compliant meal periods. Defendants sometimes, but not always, required Plaintiff and the Class to work in excess of five consecutive hours a day without providing timely 30-minute, continuous and uninterrupted, duty-free meal period for every five hours of work, or without compensating Plaintiff and the Class for meal periods that were not provided by the end of the fifth hour of work or tenth hour of work. Defendants also did not adequately inform Plaintiff and the Class of their right to take a meal period by the end of the fifth hour of work, or, for shifts greater than 10 hours, by the end of the tenth hour of work. Accordingly, Defendants' policy and practice was to not provide meal periods to Plaintiff and the Class in compliance with California law.

7

31. Throughout the statutory period, Defendants have wrongfully failed to authorize and permit Plaintiff and the Class to take timely and duty-free rest periods. Defendants sometimes, but not always, required Plaintiff and the Class to work in excess of four consecutive hours a day without Defendants authorizing and permitting them to take a 10-minute, continuous and uninterrupted, rest period for every four hours of work (or major fraction of four hours), or without compensating Plaintiff and the Class for rest periods that were not authorized or permitted. Defendants also did not adequately inform Plaintiff and the Class of their right to take a rest period. Moreover, Defendants did not have adequate policies or practices permitting or authorizing rest periods for Plaintiff and the Class, nor did Defendants have adequate policies or practices regarding the timing of rest periods. Defendants also did not have adequate policies or practices to verify whether Plaintiff and the Class were taking their required rest periods.

32. Further, Defendants did not maintain accurate records of employee work periods, and therefore Defendants cannot demonstrate that Plaintiff and the Class took rest periods during the middle of each work period. Accordingly, Defendants' policy and practice was to not authorize and permit Plaintiff and the Class to take rest periods in compliance with California law.

33. Throughout the statutory period, Defendants willfully failed and refused to timely pay Plaintiff and the Class during and at the conclusion of their employment all wages for all minimum wages, meal period premium wages, and rest period premium wages.

34. Throughout the statutory period, Defendants failed to furnish Plaintiff and the Class with accurate, itemized wage statements showing all applicable hourly rates, and all gross and net wages earned (including correct hours worked, correct wages earned for hours worked, correct wages for meal periods that were not provided in accordance with California law, and correct wages for rest periods that were not authorized and permitted to take in accordance with California law). As a result of these violations of California Labor Code section 226, subdivision (a), the Plaintiff and the Class suffered injury because, among other things:

    a. the violations led them to believe that they were not entitled to be paid minimum wages, overtime wages, meal period premium wages, and rest period premium wages to which they were entitled, even though they were entitled to such wages;

8

b.      the violations led them to believe that they had been paid minimum wages, meal period premium wages, and rest period premium wages, even though they had not been;

c.      the violations led them to believe they were not entitled to be paid minimum wages, meal period premium wages, and rest period premium wages at the correct California rate even though they were;

d.      the violations led them to believe they had been paid minimum wages, overtime, meal period premium wages, and rest period premium wages at the correct California rate even though they had not been;

e.      the violations hindered them from determining the amounts of minimum, meal period premium, and rest period premium owed to them;

f.      in connection with their employment before and during this action, and in connection with prosecuting this action, the violations caused them to have to perform mathematical computations to determine the amounts of wages owed to them, computations they would not have to make if the wage statements contained the required accurate information; and

g.      by understating the wages truly due them, the violations caused them to lose entitlement and/or accrual of the full amount of Social Security, disability, unemployment, and other governmental benefits;

h.      the wage statements inaccurately understated the wages, hours, and wage rates to which Plaintiff and the Class were entitled, and Plaintiff and the Class were paid less than the wages and wage rates to which they were entitled.  As a result, Plaintiff and the Class are owed the amounts provided for in California Labor Code section 226, subdivision (e), including actual damages.

## CLASS ACTION ALLEGATIONS

35.     Plaintiff brings certain claims individually, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under California Code of Civil Procedure section 382.

36.     All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law. The proposed Class consists of and is defined as:

9

All persons who worked for any Defendant in California as an independent contractor at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent.

37. Plaintiff is a member of the Class.

38. Plaintiff undertakes this concerted activity to improve the wages and working conditions of all Class Members.

39. There is a well-defined community of interest in the litigation and the Class is readily ascertainable:

a. Numerosity: The members of the Class (and each subclass, if any) are so that joinder of all members would be unfeasible and impractical. The membership of the entire Class is unknown to Plaintiff at this time, however, the Class is estimated to be greater than 100 individuals and the identity of such membership is readily ascertainable by inspection of Defendants' records.

b. Typicality: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all Class Members' claims as demonstrated herein.

c. Adequacy: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no conflicts with or interests antagonistic to any Class Member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d. Superiority: A Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

10

1.     The interests of the members of the Class in individually controlling the prosecution or defense of separate actions;

2.     The extent and nature of any litigation concerning the controversy already commenced by or against members of the Class;

3.     The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

4.     The difficulties likely to be encountered in the management of a class action.

e.     <u>Public Policy Considerations:</u> The public policy of the State of California is to resolve the California Labor Code claims of many employees through a class action. Indeed, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are also fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

40.     There are common questions of law and fact as to the Class (and each subclass, if any) that predominate over questions affecting only individual members, including without limitation, whether, as alleged herein, Defendants have:

a.     failed to pay Class Members for all hours worked, including minimum wages, and overtime wages;

b.     failed to provide meal periods and pay meal period premium wages to Class Members;

c.     failed to authorize and permit rest periods and pay rest period premium wages to Class Members;

d.     failed to promptly pay all wages due to Class Members upon their discharge or resignation;

e.     failed to maintain accurate records of all hours Class Members worked, and all meal periods Class Members took or missed;

11

f.    failed to reimburse Class Members for all necessary business expenses; and

g.    violated California Business & Professions Code §§ 17200 et. seq. as a result of their illegal conduct as described above.

41.    This Court should permit this action to be maintained as a class action pursuant to California Code of Civil Procedure section 382 because:

a.    The questions of law and fact common to the Class predominate over any question affecting only individual members;

b.    A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the Class;

c.    The members of the Class are so numerous that it is impractical to bring all members of the class before the Court;

d.    Plaintiff, and the other members of the Class, will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

e.    There is a community of interest in obtaining appropriate legal and equitable relief for the statutory violations, and in obtaining adequate compensation for the damages and injuries for which Defendants are responsible in an amount sufficient to adequately compensate the members of the Class for the injuries sustained;

f.    Without class certification, the prosecution of separate actions by individual members of the class would create a risk of:

1.    inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants; and/or

2.    adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible Defendants; and

12

g.    Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the class as a whole.

42.    Plaintiff contemplates the eventual issuance of notice to the proposed members of the Class that would set forth the subject and nature of the instant action. Defendants' own business records may be utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notices may be required, Plaintiff would contemplate the use of additional techniques and forms commonly used in class actions, such as published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by other methods suitable to the Class and deemed necessary and/or appropriate by the Court.

## FIRST CAUSE OF ACTION

**Failure to Pay Minimum Wage for All Hours Worked**

**(Lab. Code §§ 1182.12, 1194, 1194.2, 1197 and 1197.1)**

(Against All Defendants)

43.    Plaintiff incorporates all preceding paragraphs of this Complaint as though set forth fully herein.

44.    "Hours worked" is the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

45.    At all relevant times herein mentioned, Defendants knowingly failed to pay to Plaintiff and the Class compensation for all hours they worked. By their failure to pay compensation for each hour worked as alleged above, Defendants willfully violated the provisions of Section 1194 of the California Labor Code, and any additional applicable Wage Orders, which require such compensation to non-exempt employees.

46.    Accordingly, Plaintiff and the Class are entitled to recover minimum wages for all non-overtime hours worked for Defendants.

47.    By and through the conduct described above, Plaintiff and the Class have been deprived of their rights to be paid wages earned by virtue of their employment with Defendants.

13

48.    By virtue of the Defendants' unlawful failure to pay additional compensation to Plaintiff and the Class for their non-overtime hours worked without pay, Plaintiff and the Class suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff and the Class, but which exceed the jurisdictional minimum of this Court, and which will be ascertained according to proof at trial.

49.    By failing to keep adequate time records required by California Labor Code section 1174, subdivision (d), Defendants have made it difficult to calculate the full extent of minimum wage compensation due Plaintiff and the Class.

50.    Pursuant to California Labor Code section 1194.2, Plaintiff and the Class are entitled to recover liquidated damages (double damages) for Defendants' failure to pay minimum wages.

51.    California Labor Code section 204 requires employers to provide employees with all wages due and payable twice a month. Throughout the statute of limitations period applicable to this cause of action, Plaintiff and the Class were entitled to be paid twice a month at rates required by law, including minimum wages. However, during all such times, Defendants systematically failed and refused to pay Plaintiff and the Class all such wages due and failed to pay those wages twice a month.

52.    Plaintiff and the Class are also entitled to seek recovery of all unpaid minimum wages, interest, and reasonable attorneys' fees and costs pursuant to California Labor Code sections 218.5, 218.6, and 1194, subdivision (a).

## SECOND CAUSE OF ACTION

### Failure to Provide Overtime Compensation (Lab. Code §§ 510, 1194, 1198)

(Against All Defendants)

53.    Plaintiff incorporates all preceding paragraphs of this Complaint as though set forth fully herein.

54.    California Labor Code section 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

14

55. California Labor Code sections 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law. Additionally, California Labor Code section 1198 states that the employment of an employee for longer hours than those fixed by the IWC is unlawful.

56. At all times relevant hereto, Plaintiff and the Class have worked more than eight hours in a workday, as employees of Defendants.

57. At all times relevant hereto, Defendants failed to pay Plaintiff and the Class overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by California Labor Code sections 510 and 1198. Plaintiff and the Class are regularly required to work overtime hours.

58. By virtue of Defendants' unlawful failure to pay additional premium rate compensation to the Plaintiff and the Class for their overtime hours worked, Plaintiff and the Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional minimum of this Court and which will be ascertained according to proof at trial.

59. By failing to keep adequate time records required by California Labor Code section 1174, subdivision (d), Defendants have made it difficult to calculate the full extent of overtime compensation due to Plaintiff and the Class.

60. Plaintiff and the Class also request recovery of overtime compensation according to proof, interest, attorneys' fees and costs pursuant to California Labor Code section 1194, subdivision (a), as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes.

61. California Labor Code section 204 requires employers to provide employees with all wages due and payable twice a month. IWC Wage Orders also provide that every employer shall pay to each employee, on the established payday for the period involved, overtime wages for all overtime hours worked in the payroll period. Defendants failed to provide Plaintiff and the Class with all compensation due, in violation of California Labor Code section 204.

15

**THIRD CAUSE OF ACTION**

**Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512, and IWC Wage Orders)**

(Against All Defendants)

62.     Plaintiff incorporates all preceding paragraphs of this Complaint as though set forth fully herein.

63.     At all relevant times, Defendants were aware of and were under a duty to comply with California Labor Code sections 226.7 and 512 and applicable sections of IWC Wage Orders.

64.     California Labor Code section 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, or for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

65.     Section 11 of Wage Order No. 4 provides, and at all times relevant hereto provided, in relevant part that:

> No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time. If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the

16

employee's regular rate of compensation for each work day that the meal period is not provided.

66.    Labor Code section 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order, and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the employer does not provide a compliant meal or rest period.

67.    Defendants knowingly failed to provide Plaintiff and the Class with meal periods as required by law. Defendants also failed to provide Plaintiff and the Class with any payment of meal premiums. Plaintiff and the Class are entitled to be paid one hour of premium wages rate for each workday he or she was not provided with all required meal break(s), plus interest thereon.

68.    Plaintiff and the Class have therefore been damaged and are entitled to payment of the meal period premiums as provided by law.

## FOURTH CAUSE OF ACTION

**Failure to Provide Rest Periods (Lab. Code §§ 226.7, 512, and IWC Wage Orders)**

(Against All Defendants)

69.    Plaintiff incorporates all preceding paragraphs of this Complaint as though set forth fully herein.

70.    Section 12 of Wage Order No. 4 provides, and at all times relevant hereto provided, in relevant part that:

Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no

17

deduction from wages. If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

71. California Labor Code section 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order, and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the employer does not provide a compliant meal or rest period.

72. Defendants knowingly failed to provide Plaintiff and the Class with rest periods as required by law and knowingly failed to authorize and permit Plaintiff to take rest periods as required by law. Defendants also failed to provide Plaintiff and the Class with any payment of rest premiums. Plaintiff and the Class are entitled to be paid one hour of premium wages rate for each workday he or she was not provided with all required rest break(s), plus interest thereon.

73. Plaintiff and the Class have therefore been damaged and are entitled to payment of the meal and rest period premiums as provided by law.

## FIFTH CAUSE OF ACTION

### Failure to Indemnify Necessary Business Expenses (Lab. Code § 2802)

(Against All Defendants)

74. Plaintiff incorporates all preceding paragraphs of this Complaint as though set forth fully herein.

75. Defendants violated California Labor Code section 2802 and the IWC Wage Orders, by failing to pay and indemnify the Plaintiff and the Class for their necessary expenditures and losses incurred in direct consequence of the discharge of their duties or of their obedience to directions of Defendants.

18

Case 8:25-cv-02444-DOC-KES   Document 1-1   Filed 10/29/25   Page 22 of 46   Page ID #:38

76. As a result, Plaintiff and the Class were damaged at least in the amounts of the expenses they paid, or which were deducted by Defendants from their wages.

77. Plaintiff and the Class they represent are entitled to attorney's fees, expenses, and costs of suit pursuant to California Labor Code section 2802, subdivision (c) and interest pursuant to California Labor Code section 2802, subdivision (b).

### SIXTH CAUSE OF ACTION

**Waiting Time Penalties (Lab. Code §§ 201-203)**

(Against All Defendants)

78. Plaintiff incorporates all preceding paragraphs of this Complaint as though set forth fully herein.

79. California Labor Code sections 201 and 202 require an employer to pay its employees all wages due immediately upon discharge or within 72 hours of resignation. This requirement applies to unpaid overtime wages. California Labor Code section 203 provides that if an employer willfully fails to pay such wages, the employer must continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

80. Defendants willfully failed to pay Plaintiff and the Class their earned and unpaid wages for 30 days from the time such wages should have been paid under the Labor Code.

81. As a result of Defendants' willful failure to pay owed wages upon separation from employment, Plaintiff and the Class have been harmed and Defendants are liable for statutory waiting time penalties pursuant to California Labor Code section 203.

### SEVENTH CAUSE OF ACTION

**Failure to Provide Accurate Wage Statements (Lab. Code § 226)**

(Against All Defendants)

82. Plaintiff incorporates all preceding paragraphs of this Complaint as though set forth fully herein.

//

//

19

83.    California Labor Code section 226, subdivision (a) requires employers to provide employees, semi-monthly or at the time of each payment of wages, with a statement that accurately reflects certain itemized information including total number of hours worked.

84.    Defendants knowingly and intentionally failed to furnish Plaintiff and the Class with timely and accurate wage statements that accurately reflected the total number of hours worked and wages earned, as required by California Labor Code section 226.

85.    As a result of Defendants' failure to provide accurate itemized wage statements, Plaintiff and the Class suffered actual damages and harm by being unable to determine the amount of overtime worked each pay period in a timely manner, which prevented them from asserting their rights under California law.

86.    Calculation of the true wage entitlement for Plaintiff and the Class is difficult and time consuming. As a result of this unlawful burden, Plaintiff and the Class were also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of the California Labor Code and related laws and regulations.

87.    Plaintiff and the Class are entitled to recover from Defendants their actual damages caused by Defendants' failure to comply with California Labor Code section 226, subdivision (a).

88.    Plaintiff and the Class are also entitled to injunctive relief, as well as an award of attorney's fees and costs to ensure compliance with this section, pursuant to California Labor Code section 226, subdivision (h).

## EIGHTH CAUSE OF ACTION

### Violation of Unfair Competition Law (Bus. & Prof. Code § 17200, *et seq.*)

(Against All Defendants)

89.    Plaintiff incorporates all preceding paragraphs of this Complaint as though set forth fully herein.

90.    Business and Professions Code section 17200, *et seq.* ("UCL") prohibits any "unlawful, unfair, or fraudulent business act or practice." Defendants have engaged in unlawful activity as follows:

20

a.    violations of California Labor Code sections 510, 1194, 1198 for failure to pay minimum wages, including overtime wages;

b.    violations of California Labor Code sections 226.7 and 512 for failure to provide meal periods and rest breaks;

c.    violations of California Labor Code section 226 for failure to provide accurate wage statements;

d.    violation of California Labor Code section 2802 for failure to indemnify necessary business expenses; and

e.    violations of California Labor Code sections 201 through 203 for failure to pay accrued wages upon separation of employment.

91.    By and through their unfair, unlawful and/or fraudulent business practices described herein, the Defendants, have obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

92.    Plaintiff and the Class Members suffered monetary injury as a direct result of Defendants' wrongful conduct.

93.    Plaintiff, individually, and on behalf of members of the putative Class, is entitled to, and does, seek such relief as may be necessary to disgorge money and/or property which the Defendants have wrongfully acquired, or of which Plaintiff and the Class have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices. Plaintiff and the Class are not obligated to establish individual knowledge of the wrongful practices of Defendants in order to recover restitution.

94.    Plaintiff, individually, and on behalf of members of the putative class, is further entitled to and does seek a declaration that the above-described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

21

95. Plaintiff, individually, and on behalf of members of the putative class, has no plain, speedy, and/or adequate remedy at law to redress the injuries which the Class Members suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business practices. As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually, and on behalf of members of the putative Class, has suffered and will continue to suffer irreparable harm unless the Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

96. Plaintiff also alleges that if Defendants are not enjoined from the conduct set forth herein above, they will continue to avoid paying the appropriate taxes, insurance and other withholdings.

97. Pursuant to the UCL, Plaintiff and putative Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and Class Members; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## NINTH CAUSE OF ACTION

### Private Attorneys General Act (Lab. Code § 2698, *et seq.*)

(Against All Defendants)

98. Plaintiff incorporates all preceding paragraphs of this Complaint as though set forth fully herein.

99. At all times herein mentioned, Defendants were subject to the California Labor Code of the State of California and the applicable Industrial Welfare Commission Orders.

100. California Labor Code section 2699, subdivision (a) specifically provides for a private right of action to recover penalties for violations of the Labor Code: "[n]otwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of

22

himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."

101.    Plaintiff has exhausted her administrative remedies pursuant to California Labor Code section 2699.3.  On September 10, 2025, Plaintiff gave written notice by online filing to the Labor and Workforce Development Agency ("LWDA") and by certified mail to Defendants the specific provisions of the California Labor Code that Defendants violated against Plaintiff and current and former aggrieved employees, including the facts and theories to support the violations. A true and correct copy of Plaintiff's notice to LWDA and Defendants is attached as **Exhibit A.** Plaintiff's LWDA case number is LWDA-CM-1124340-25.

102.    At the time of this filing, LWDA has not indicated that it intends to investigate Defendants' Labor Code violations discussed in the notice.  If it does so, Plaintiff will amend this complaint.  Otherwise, Plaintiff will proceed with this civil action to recover penalties under California Labor Code section 2699 pursuant to section 2699.3 for the violations of the Labor Code alleged herein.  These penalties include, but are not limited to, penalties under California Labor Code sections 210, 226.3, 558, 1197.1, and 2699, subdivision (f)(2).

103.    In addition, Plaintiff seeks penalties for Defendants' violation of California Labor Code section 1174, subdivision (d). Pursuant to California Labor Code section 1174.5, any person, including any entity, employing labor who willfully fails to maintain accurate and complete records required by California Labor Code section 1174 is subject to a penalty under section 1174.5. Pursuant to the applicable IWC Order § 7(A)(3), every employer shall keep time records showing when the employee begins and ends each work period.  Meal periods, and total hours worked daily shall also be recorded.

104.    Additionally, pursuant to the applicable IWC Order § 7(A)(5), every employer shall keep total hours worked in the payroll period and applicable rates of pay.

105.    During the time period of employment for Plaintiff and the Aggrieved Employees, Defendants failed to maintain records pursuant to the California Labor Code and IWC Orders by failing to maintain accurate records showing meal periods, and accurate records showing when employees begin and end each work period. Defendants' failure to provide and maintain records

23

required by the California Labor Code IWC Wage Orders deprived Plaintiff and the Aggrieved Employees the ability to know, understand and question the accuracy and frequency of meal periods, and the accuracy of their hours worked, as stated in Defendants' records. Therefore, Plaintiff and the Aggrieved Employees had no way to dispute the resulting failure to pay wages, all of which resulted in an unjustified economic enrichment to Defendants.

106.    As a direct result, Plaintiff and the Aggrieved Employees have suffered and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages and expenses and attorney's fees in seeking to compel Defendants to fully perform its obligation under state law, all to their respective damage in amounts according to proof at trial. Because of Defendants' knowing failure to comply with the California Labor Code and applicable IWC Wage Orders, Plaintiff and the Aggrieved Employees have also suffered an injury in that they were prevented from knowing, understanding, and disputing the wage payments paid to them.

107.    Based on the conduct described in this complaint, Plaintiff is entitled to an award of civil penalties on behalf of herself, the State of California, and similarly Aggrieved Employees of Defendants. The exact amount of the applicable penalties, in all, is in an amount to be shown according to proof at trial. These penalties are in addition to all other remedies permitted by law.

108.    In addition, Plaintiff seeks an award of reasonable attorney's fees and costs pursuant to California Labor Code section 2699, subdivision (g)(1), which states, "[a]ny employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs."

**PRAYER FOR RELIEF**

Plaintiff, individually, and on behalf of all others similarly situated only with respect to the class claims, prays for relief and judgment against Defendants, jointly and severally, as follows:

Class Certification

1.    That this action be certified as a class action under California Code of Civil Procedure section 382;

2.    That Plaintiff be appointed as the representative of the Class; and

3.    That counsel for Plaintiff be appointed as Class Counsel.

As to the First Cause of Action

24

CLASS AND REPRESENTATIVE ACTION COMPLAINT

4. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 204 and 1194 and applicable IWC Wage Orders by willfully failing to pay all minimum wages due;

5. For general unpaid wages as may be appropriate;

6. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

7. For liquidated damages;

8. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194, subdivision (a); and,

9. For such other and further relief as the Court may deem equitable and appropriate.

As to the Second Cause of Action

10. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due;

11. For general unpaid wages at overtime wage rates as may be appropriate;

12. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

13. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194, subdivision (a); and,

14. For such other and further relief as the Court may deem equitable and appropriate.

As to the Third Cause of Action

15. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512, and the IWC Wage Orders;

16. For unpaid meal period premium wages as may be appropriate;

17. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

18. For reasonable attorneys' fees under California Code of Civil Procedure section 1021.5, and for costs of suit incurred herein; and

25

CLASS AND REPRESENTATIVE ACTION COMPLAINT

19. For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Fourth Cause of Action</u>

20. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512, and the IWC Wage Orders;

21. For unpaid rest period premium wages as may be appropriate;

22. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

23. For reasonable attorneys' fees under California Code of Civil Procedure section 1021.5, and for costs of suit incurred herein; and

24. For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Fifth Cause of Action</u>

25. That the Court declare, adjudge and decree that Defendants violated California Labor Code section 2802 the IWC Wage Orders;

26. For general unpaid wages and reimbursement of business expenses as may be appropriate;

27. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

28. For reasonable attorneys' fees and for costs of suit incurred herein; and

29. For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Sixth Cause of Action</u>

30. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment;

31. For statutory wage penalties pursuant to California Labor Code section 203 for former employees who have left Defendants' employ;

32. For pre-judgment interest on any unpaid wages from the date such amounts were due;

33. For reasonable attorneys' fees and for costs of suit incurred herein; and

26

34.    For such other and further relief as the Court may deem equitable and appropriate.

As to the Seventh Cause of Action

35.    That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226, subdivision (a) and applicable IWC Wage Orders, and willfully failed to provide accurate itemized wage statements thereto;

36.    For penalties and actual damages pursuant to California Labor Code section 226, subdivision (e);

37.    For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226, subdivision (h);

38.    For reasonable attorneys' fees and for costs of suit incurred herein; and

39.    For such other and further relief as the Court may deem equitable and appropriate.

As to the Eighth Cause of Action

40.    That the Court declare, adjudge and decree that Defendants violated the UCL by failing to pay wages for all hours worked (including minimum wages), failing to provide meal periods, failing to maintain accurate records of meal periods, failing to authorize and permit rest periods, and failing to maintain accurate records of all hours worked and meal periods, and failing to furnish accurate wage statements;

41.    For restitution of unpaid wages to Plaintiff and all Class Members and prejudgment interest from the day such amounts were due and payable;

42.    For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of Defendants' violations of the UCL;

43.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

44.    For injunctive relief to ensure compliance with this section, pursuant to the UCL.; and,

45.    For such other and further relief as the Court may deem equitable and appropriate.

27

<u>As to the Ninth Cause of Action</u>

46.     That the Court declare, adjudge and decree that Defendants violated the Labor Code by failing to pay minimum wages, failing to provide meal periods, failing to authorize and permit rest periods, failing to maintain accurate records of hours worked and meal periods, failing to timely pay all wages to terminated employees, and failing to furnish accurate wage statements;

47.     For all civil penalties pursuant to California Labor Code section 2699, *et seq.*, and all other applicable Labor Code provisions;

48.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to Labor Code section 2699; and

49.     For such other and further relief as the Court may deem equitable and appropriate.

<u>As to All Causes of Action</u>

50.     For any additional relief that the Court deems just and proper.

Dated: September 18, 2025                         MILLS SADAT DOWLAT LLP

By: _____
                                                                Camron Dowlatshahi

Attorneys for Plaintiff Sheree Warner
and the Putative Class

28

# EXHIBIT A



333 South Hope Street
40th Floor
Los Angeles, CA 90071
www.msdlawyers.com

Camron Dowlatshahi
O: (213) 628 3856
D: (213) 279-2612
E: camron@msdlawyers.com

September 10, 2025

**VIA ELECTRONIC SUBMISSION TO LWDA;**
**VIA CERTIFIED MAIL TO EMPLOYER**

California Labor and Workforce Development Agency
Attn: PAGA Administrator
455 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102

Arlozorov9, Inc. dba Alma
397 Bridge Street, 7th Floor
Brooklyn, NY 11201

Corporation Service Company
c/o Arlozorov9, Inc. dba Alma
80 State Street
Albany, NY 12207

**Re:     Notice of Claim Under Private Attorneys General Act ("PAGA")**

Dear LWDA:

My office has been retained by Sheree Warner ("Plaintiff") to pursue a PAGA representative action (Lab. Code § 2699, *et seq.*) against Arlozorov9, Inc. dba Alma ("Defendant"). This letter shall serve as notice, and a request pursuant to Labor Code section 2699.3, that the Labor and Workforce Development Agency ("LWDA") investigate the violations by Defendant described herein against Plaintiff and against other current and/or former employees ("Aggrieved Employees"). If LWDA does not intend to investigate the violations described herein, we respectfully request that the agency specifically notify our office of the same at your earliest possible opportunity

**Plaintiff's Employment with Defendant**

Defendant owns/owned and operates/operated an industry, business, and establishment within the State of California. Defendant is therefore subject to the California Labor Code, Wage Orders issued by the Industrial Welfare Commission ("IWC"), and the California Business and Professions Code.

Plaintiff is a resident of Orange County, California who worked for Defendant in California as an independent contractor from approximately March 2024 to approximately November 2024. Plaintiff regularly worked more than eight hours in a workday and/or more than 40 hours in a workweek.



Throughout Plaintiff's employment, Defendant failed to pay for all hours worked (including minimum, straight time, and overtime wages), failed to provide Plaintiff with legally compliant meal periods, failed to authorize and permit Plaintiff to take rest periods, failed to timely pay all final wages to Plaintiff when Defendant terminated Plaintiff's employment, failed to furnish accurate wage statements to Plaintiff, and failed to indemnify Plaintiff for expenditures. As discussed below, Plaintiff's experience working for Defendant was typical and illustrative.

### Defendant Failed to Pay for All Hours Worked, Including Minimum, Straight Time, and Overtime Wages

Under California law, an employer must pay for all hours worked by an employee. "Hours worked" is the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

In addition, Labor Code section 510 provides that employees in California shall not be employed more than eight hours in any workday or 40 hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law. Labor Code sections 1194 and 1198 also provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law. Additionally, Labor Code section 1198 states that the employment of an employee for longer hours than those fixed by the IWC is unlawful.

Throughout the statutory period, Defendant maintained a policy and practice of not paying Plaintiff and the Aggrieved Employees for all hours worked, including minimum, straight time, and overtime wages. Defendant required Plaintiff and the Aggrieved Employees to work "off-the clock," uncompensated, by, for example, requiring Plaintiff and the Aggrieved Employees to perform work during unpaid meal periods and after clocking out for the workday. Some of this unpaid work should have been paid at the overtime rate. In failing to pay for all hours worked, Defendant also failed to maintain accurate records of the hours Plaintiff and the Aggrieved Employees worked.

Throughout the statutory period, Defendant used a system of time rounding and/or synthetic timekeeping that resulted, over a period of time, in failing to compensate Plaintiff and the Aggrieved Employees properly for all the time they have actually worked, even though the realities of Defendant operations are such that it is possible, practical, and feasible to count and pay for work time to the minute. Accordingly, Defendant frequently paid Plaintiff and the Aggrieved Employees less than all their work time. Some of this unpaid work also should have been paid at the overtime rate. In failing to pay for all hours worked, also failed to maintain accurate records of the hours Plaintiff and the Aggrieved Employees worked.

As a result, Defendant is liable to Plaintiff and the Aggrieved Employees for the civil penalties provided for in Labor Code sections 210, 1197.1, and 2699, subdivision (t)(2) for failing to pay for all hours worked, including minimum, straight time, and overtime wages.



## Failure to Authorize and Permit Rest Periods

Employers are required by California law to authorize and permit breaks of 10 uninterrupted minutes for each four hours of work or major fraction of four hours (*i.e.*, more than two hours). Thus, for example, if an employee's work time is six hours and ten minutes, the employee is entitled to two rest breaks. Each failure to authorize rest breaks as required is itself a violation of California's rest break laws.

Throughout the statutory period, Defendant has wrongfully failed to authorize and permit Plaintiff and the Aggrieved Employees to take legally compliant rest periods. Defendant regularly required Plaintiff and the Aggrieved Employees to work in excess of four consecutive hours a day without Defendant authorizing and permitting them to take a 10-minute, uninterrupted, duty-free rest period for every four hours of work (or major fraction of four hours), or without compensating Plaintiff and the Aggrieved Employees for rest periods that were not authorized or permitted.

Instead, Defendant continued to assert control over Plaintiff and the Aggrieved Employees by requiring, pressuring, or encouraging them to perform work tasks which could not be completed without working in lieu of taking mandatory rest periods, or by denying Plaintiff and the Aggrieved Employees permission to take a rest period. Accordingly, Defendant's policy and practice was to not authorize and permit Plaintiff and the Aggrieved Employees to take rest periods in compliance with California law.

Plaintiff and the Aggrieved Employees are thus entitled to be paid one hour of additional wages for each workday he or she was not authorized and permitted to take all required rest period(s). Defendant, however, regularly failed to pay Plaintiff and the Aggrieved Employees the additional wages to which they were entitled for rest periods and that they were not authorized and permitted to take.

As a result, Defendant is liable to Plaintiff and the Aggrieved Employees for the civil penalties provided for in Labor Code sections 210 and 2699, subdivision (f)(2) for failing to authorize and permit rest periods and pay rest period premium wages.

## Failure to Pay All Earned Wages Twice Per Month

Based on its failure to pay Plaintiff and the Aggrieved Employees for all wages as discussed above, Defendant also violated Labor Code section 204.

Labor Code section 204 requires employers to pay employees all earned wages two times per month. Throughout the statute of limitations period applicable to this cause of action, employees were entitled to be paid twice a month at their regular rates, including all meal period premium wages owed, rest period premium wages owed, and wages owed for overtime hours worked. However, during all such times, Defendant systematically failed and refused to pay the employees all wages due, and failed to pay those wages twice a month, in that employees were

- 3 -



not paid all wages for all meal periods not provided by Defendant, all wages for all rest periods not authorized and permitted by Defendant, and all wage for all hours worked. As a result, Defendant owes employees the legally required wages for unpaid wages, and Plaintiff and the Aggrieved Employees suffered damages in those amounts.

Moreover, Defendant is liable to Plaintiff and the Aggrieved Employees for the civil penalties provided for in Labor Code section 210 for failing to pay all earned wages twice per month.

### Failure to Maintain Accurate Records of Hours Worked and Meal Periods

Plaintiff seeks penalties under Labor Code section 1174, subdivision (d). Under Labor Code section 1174.5, any person, including any entity, employing labor who willfully fails to maintain accurate and complete records required by Labor Code section 1174 is subject to a penalty under section 1174.5. Pursuant to IWC Wage Order § 7(A)(3), every employer shall keep time records showing when the employee begins and ends each work period. Meal periods and total hours worked daily shall also be recorded.

Defendant, however, failed to maintain accurate records of hours worked and all meal periods taken or missed by Plaintiff and the Aggrieved Employees.

Defendant's failure to provide and maintain records required by the Labor Code and the applicable IWC Wage Order deprived Plaintiff and the Aggrieved Employees the ability to know, understand and question the accuracy and frequency of meal periods, and the accuracy of their hours worked stated in Defendant's records. Therefore, Plaintiff and the Aggrieved Employees had no way to dispute the resulting failure to pay wages, all of which resulted in an unjustified economic enrichment to Defendant. As a direct result, Plaintiff and the Aggrieved Employees have suffered and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages and expenses and attorney's fees in seeking to compel Defendant to fully perform its obligation under state law, all to their respective damage in amounts according to proof at trial. As a result of Defendant's knowing failure to comply with the Labor Code and applicable IWC Wage Order, Plaintiff and the Aggrieved Employees have also suffered an injury in that they were prevented from knowing, understanding, and disputing the wage payments paid to them.

### Failure to Timely Pay All Wages at Termination

Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours' previous notice of their intention to quit, in which case the employee is entitled to their wages at the time of quitting.

- 4 -



Within the applicable statute of limitations, the employment of Plaintiff and many other Aggrieved Employees ended—i.e., was terminated by quitting or being discharged—and the employment of others will be terminated. However, during the relevant time period, Defendant failed, and continues to fail, to pay Plaintiff and terminated Aggrieved Employees, without abatement, all wages required to be paid by Labor Code sections 201 and 202 either at the time of discharge, or 72 hours of their leaving Defendant's employment. These unpaid wages include wages for unpaid work time (including minimum, straight time, and overtime wages), missed meal period premium wages, and missed rest period premium wages.

Defendant's conduct violates Labor Code sections 201 and 202. Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty wage from the due date, and at the same rate until paid or until an action is commenced, but that the wages shall not continue for more than 30 days.

Accordingly, Plaintiff and the Aggrieved Employees are entitled to recover from Defendant their additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up 30 days, pursuant to Labor Code section 203. Moreover, Defendant is liable to Plaintiff and the Aggrieved Employees for the civil penalties provided for in Labor Code section 2699, subdivision (f)(2) for failing to timely pay all wages at termination.

## Failure to Provide Accurate Itemized Wage Statements

Labor Code section 226, subdivision (a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned; (2) total hours worked by the employee; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. An employee is presumed to suffer an injury if this information is missing. (Lab. Code § 226, subd. (e)(2)(B)(iii).)

The statute further provides that "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees." (Lab. Code § 226, subd. (e)(1).)

Throughout the statutory period, Defendant or failed to furnish Plaintiff and the Aggrieved Employees with accurate, itemized wage statements showing all applicable hourly

- 5 -



rates, and all gross and net wages earned (including correct hours worked, correct wages for meal periods that were not provided in accordance with California law, and correct wages for rest periods that were not authorized and permitted to take in accordance with California law).

Because Defendant violated Labor Code § 226, Plaintiff and similarly Aggrieved Employees suffered injury and damage to their statutorily protected rights. Accordingly, Plaintiff and similarly Aggrieved Employees are entitled to recover from Defendant the greater of their actual damages caused by Defendant's failure to comply with Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per employee.

Moreover, Defendant is liable to Plaintiff and the Aggrieved Employees for the civil penalties provided for in Labor Code § 226.3 for failing to furnish accurate itemized wage statements.

### Failure to Reimburse Necessary Expenditures

Labor Code section 2802, subdivision (a) provides that employers shall indemnify employees for all necessary business expenditures or losses that have been incurred by the employees in direct discharge of their duties. Throughout the statutory period applicable to this cause of action, Defendant wrongfully required Plaintiff and the Aggrieved Employees to pay expenses that they incurred in direct discharge of their duties for Defendant. Plaintiff and the Aggrieved Employees regularly paid out-of-pocket for necessary employment-related expenses, including, without limitation, work-related equipment, work attire, and use of personal cellular phones. Plaintiff and the Aggrieved Employees incurred substantial expenses as a direct result of performing their job duties for Defendant, but Defendant or failed to indemnify Plaintiff and the Aggrieved Employees for these employment-related expenses.

As a result, Defendant is liable to Plaintiff and the Aggrieved Employees for the civil penalties provided for in Labor Code sections 2802 and 2699, subdivision (f)(2) for failing to indemnify Plaintiff and the Aggrieved Employees for necessary business expenditures.

### Statement of Specific Provisions of the Labor Code Violated

Plaintiff alleges that Defendant violated the following provisions of the Labor Code with respect to the Aggrieved Employees:

(1)     Labor Code sections 204, 510, 1194, 1197, and 1198 by failing to pay for all hours worked, including minimum wages, straight time wages, and overtime wages;

(2)     Labor Code section 226.7 and applicable IWC Wage Orders by failing to provide meal periods;

(3)     Labor Code section 226.7 and applicable IWC Wage Orders by failing to authorize and permit rest periods;

**MSD**
LLP

(4)    Labor Code section 204 by failing to pay all earned wages twice per month;

(5)    Labor Code section 1174.5 and applicable IWC Wage Orders by failing to maintain accurate records of hours worked and meal periods taken or missed;

(6)    Labor Code section 201 to 203 by willfully failing to pay all wages owed at termination;

(7)    Labor Code section 226 by failing to provide accurate itemized wage statements; and

(8)    Labor Code section 2802 by failing to indemnify for necessary expenditures.

Pursuant to PAGA, Plaintiff seeks civil penalties arising from these violations. These include, but are not limited to, penalties under Labor Code sections 210, 226.3, 1174.5, 1197.1, and 2699, subdivision (f)(2).

This letter shall serve as Plaintiff's notice pursuant to Labor Code section 2699.3 and we ask that LWDA conduct an investigation concerning the violations described herein. Alternatively, if LWDA does not intend to investigate these violations, we ask that it issue a notification letter to our office confirming the same so that we may proceed with our civil action asserting the PAGA claims described herein.

Please feel free to contact me if you have any questions or if you would like to discuss this matter further. Nothing in this letter is intended to be, or should be construed as, an admission against the interests of Plaintiff or other current or former employees of Defendant and shall not be construed as a waiver of their rights, remedies, claims, or defenses, all of which are expressly reserved.

Sincerely,

Camron Dowlatshahi

- 7 -

Electronically Filed by Superior Court of California, County of Orange, 09/18/2025 08:33:08 AM.
30-2025-01512640-CU-OE-CXC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By S. Juarez, Deputy Clerk.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Mills Sadat Dowlat LLP - Arash Sadat SBN 279282, Camron Dowlatshahi SBN 30861 <br> 333 South Hope Street, 40th Floor, Los Angeles, CA 90071 <br><br> TELEPHONE NO.: (213) 628-3856          FAX NO. : <br> EMAIL ADDRESS: arash@msdlawyers.com; camron@msdlawyers.com <br> ATTORNEY FOR *(Name):* Sheree Warner and Putative Class | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
STREET ADDRESS: 751 W. Santa Ana Blvd
MAILING ADDRESS: 751 W. Santa Ana Blvd
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Civil Complex Center

CASE NAME:
Warner v. Arlozorov9, Inc. dba Alma

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited**  [ ] **Limited** <br> (Amount  (Amount <br> demanded  demanded is <br> exceeds $35,000)  $35,000 or less) | [ ] Counter   [ ] Joinder <br><br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | 30-2025-01512640-CU-OE-CXC <br><br> JUDGE: Judge Melissa R. McCormick <br> DEPT.: CX105 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** <br> **(Cal. Rules of Court, rules 3.400–3.403)** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** <br> **Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | above listed provisionally complex case |
| [ ] Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* Nine (9)
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 18, 2025

Camron Dowlatshahi
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. **Page 1 of 2**

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courts.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
  domain, landlord/tenant, or
  foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner
    Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic
  relations)*
Sister State Judgment
Administrative Agency Award
  *(not unpaid taxes)*
Petition/Certification of Entry of
  Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its website as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

L1200 Rev. Dec. 2019                                                                 Page 1 of 4

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ADR Information

Introduction.

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

Save Time. A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

Save Money. When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

Increase Control Over the Process and the Outcome. In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

Preserve Relationships. ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

Increase Satisfaction. In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

Improve Attorney-Client Relationships. Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

Loss of protections. If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

Less discovery. There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

Additional costs. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Effect of delays if the dispute is not resolved. Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

Arbitration. In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

Cases for Which Arbitration May Be Appropriate. Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

Cases for Which Arbitration May Not Be Appropriate. If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

Mediation. In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

Cases for Which Mediation May Be Appropriate. Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

Cases for Which Mediation May Not Be Appropriate. Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

Neutral Evaluation. In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

- Cases for Which Neutral Evaluation May Be Appropriate. Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

  Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate. Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

Settlement Conferences. Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:
- OC Human Relations (714) 480-6575, mediator@ochumanrelations.org
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NO.:<br>NAME:<br>FIRM NAME:<br>STREET ADDRESS:<br>CITY:                              STATE:             ZIP CODE:<br>TELEPHONE NO.:                    FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (name): | FOR COURT USE ONLY<br><br>For your protection and privacy, please press the Clear This Form button after you are done printing this form. |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>JUSTICE CENTER:<br>☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512<br>☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500<br>☐ West – 8141 13ᵗʰ Street, Westminster, CA 92683-4593 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION | CASE NUMBER: |

Plaintiff(s)/Petitioner(s), _____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
               ☐ Under section 1141.11 of the Code of Civil Procedure
               ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an Order on Court Fee Waiver (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court, rule 3.720 et seq.

Date:_____    _____    _____
                      (SIGNATURE OF PLAINTIFF OR ATTORNEY)    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date:_____    _____    _____
                      (SIGNATURE OF DEFENDANT OR ATTORNEY)    (SIGNATURE OF DEFENDANT OR ATTORNEY)

ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION

Approved for Optional Use                            California Rules of Court, rule 3.221
L1270 (Rev. March 2019)